# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AMANDA MCCRAKEN,**

**Plaintiff,**

**-vs-** **Case No. 6:09-cv-1954-Orl-28DAB**

**BUBBA'S WORLD, LLC, GHOLAMREZA BABAZADEH,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **VERIFIED MOTION FOR DEFAULT JUDGMENT (Doc. No. 16)** |
| **FILED:** | **August 2, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** as to the FLSA claim, and that the motion be **DENIED without prejudice** to renewal upon a more complete showing, with respect to the state law claims.

The Complaint filed in this matter purports to allege a claim pursuant to the Fair Labor Standards Act ("FLSA") and pendant state law claims (Doc. No. 1). Neither Defendant responded to the Complaint. Following entry of default, Plaintiff brings the instant motion. As Plaintiff cannot meet the standard of proof for entry of a default judgment, it is **recommended** that the motion be denied, as set forth herein.

*The Standard of Review*

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). The United States Supreme Court recently noted the difference between well-pleaded facts and conclusory allegations. In *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the plaintiff is entitled to relief.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). This analysis is equally applicable to a motion for default judgment. *See De Lotta v. Dezenzo's Italian Restaurant, Inc.*, 2009 WL 4349806, 5 (M. D. Fla. 2009).

*Analysis*

In granting entry of a Clerk's default, the Court nonetheless cautioned Plaintiff regarding the inadequacies of her Complaint, which sets forth her claims in the vague and conclusory fashion forbidden by the above standard:

> The Court notes that the Complaint, as written, is *not* sufficient to establish liability on default in that it alleges legal conclusions with little or no facts pled. With respect to her federal claim, Plaintiff must present *evidence* that her employment was subject to the Fair Labor Standards Act, that the Act was violated in a specific fashion (the allegation that Plaintiff "believes in good faith" that there has been a violation, without more, is insufficient), and that any violation was wilful (to the extent liquidated

> damages are sought), as well as evidence supporting damages. To the extent Plaintiff wishes to pursue her breach of contract claim, the same obligation of proof applies.

(Doc. No. 14).

Despite this explicit direction, Plaintiff filed the instant motion which does not purport to meet this standard.

With respect to the FLSA count, Plaintiff cites no cases, undertakes no analysis, and fails to even mention the Act except in a passing reference to attorney's fees. Doc. No. 16 at p. 5. More importantly, to the extent the Verified Motion presents certain facts, the Court finds that those facts establish that there is no FLSA coverage here, as a matter of law.

To establish a prima facie case of liability for unpaid overtime compensation under the FLSA, Plaintiff must demonstrate that: (1) Defendant employed her; (2) Defendant is an enterprise engaged in interstate commerce covered by the FLSA (or Plaintiff is otherwise covered under FLSA); (3) Plaintiff actually worked in excess of a 40-hour workweek; and (4) Defendant did not pay any overtime wages to her. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008). The FLSA defines an "enterprise engaged in commerce" as, among other things, an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). For "individual coverage" to apply under FLSA, Plaintiff must prove that she was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g.,

> transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.,* 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

Applied here, Plaintiff asserts:

> The Plaintiff worked for a small employer which sold predominantly souvenirs, beachwear, and other items typically sought by beach goers and tourists in Daytona Beach, Florida. Many of the items sold by the Plaintiff were shipped to the store from locations outside the state of Florida, to Daytona Beach, Florida, to be resold and the Plaintiff actually resold those goods which had been moved in interstate commerce[.] [T]he Plaintiff regularly made business transactions involving credit card sales which were processed at locations outside the state of Florida which resulted in money transferred to the Defendants in the state of Florida, and Plaintiff, at times, shipped items purchased by customers at the store in Daytona Beach, Florida, to locations outside the [s]tate of Florida.

(Doc. No. 16 at 1-2).

Plaintiff has failed to establish enterprise coverage in that there is no showing of the annual gross revenue of this "small employer." Moreover, Plaintiff has failed to establish that she was engaged in commerce or engaged in the production of goods for commerce, sufficient to implicate individual coverage. Although she asserts that many of the items she sold had been shipped to the store from outside Florida and she "resold those goods which had been moved in interstate commerce," this is of no moment. "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further intrastate movement of the goods are not covered under the Act." *Thorne,* 448 F.3d at 1267, *see also Guzman v. Irmadan, Inc.,* 322 Fed. Appx. (11th Cir. 2009) ("The store receiving items from out of state wholesalers ends the interstate journey and employees engaged in further intrastate movement of the goods are not covered

under the Act.”). Neither is the Court persuaded by the fact that Plaintiff sold goods to customers who used credit cards. *See Thorne,* 448 F. 3d at 1267 (“First, Thorne cites no binding authority which holds that credit card transactions constitute an instrumentality of interstate commerce. *C.f. Kitchings v. Florida United Methodist Children's Home, Inc.*, 393 F.Supp.2d 1282, 1293 (M.D. Fla. 2005) (denying individual coverage under FLSA when plaintiff houseparents at Children's Home purchased personal items for Residents at local stores using Children's Home's credit card.)”[1]. Finally, the fact that Plaintiff “at times” shipped items purchased “at the store in Daytona Beach” to locations outside the state of Florida is unavailing to establish that Plaintiff *regularly* used the instrumentalities of commerce in her work selling souvenirs to “beach goers and tourists in Daytona Beach.”

As noted by the Southern District:

> While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber,* 723 F.2d 1388, 391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion). Here, as a matter of law, Plaintiff has failed to establish that the FLSA covered her work selling souvenirs to beach goers at a local beach shop. Absent this basic showing establishing liability, there can be no judgment, default or otherwise, as to this FLSA claim. As Plaintiff has failed to establish liability as a matter of law, it is **further recommended** that the FLSA claim be dismissed. *See Edwin Sutphin v. Zontrom, LLC,* Case No. 6:09-cv-1614-28DAB, 2010 WL 724426, 3 (M.D. Fla. 2010); *Gustavo*

[1]There is no evidentiary basis to support a conclusion that the cards were handled with the required frequency nor that the transactions were processed out of state. Plaintiff can only recover if she establishes that a substantial part of her work was “so closely related to the movement of the commerce as to be a part of it.” *McLeod v. Threlkeld,* 319 U.S, 491, 497 (1943).

*Petasne v. La Cunia & Bakery, LLC*, Case No. 6:07-cv-1280-31DAB (denying motion for default judgment and dismissing case for failure to establish FLSA coverage).

As for the state law claims, assuming the Court retains jurisdiction over these claims,[2] the papers are inadequate to support a judgment. Although the Complaint purports to state a claim for breach of contract, the motion does not appear to present any evidence as to that count. It may be that Plaintiff has abandoned it. With respect to the claim for unpaid minimum wages, the Complaint affirmatively alleges that "Plaintiff cannot determine, without additional information, whether the minimum wage requirements contained in Fla. Stat. Sec. 448.110 have been violated. . ." and further alleges, in both Complaint and in the motion, that the necessary additional information was requested of the employer, but was never received. *See* Allegation 14 and p. 3 of the motion. As such, the Court has no basis to credit the damage amounts now presented as accurately reflecting the unpaid wages. The Court cannot recommend that judgment be entered here.

It is therefore **respectfully recommended** that the motion be **denied** and the Complaint be **dismissed,** with respect to the FLSA claim and that the motion be **denied,** without prejudice to a more complete showing, with respect to the state law claims. Should Plaintiff fail to provide adequate information to proceed within 14 days of any order adopting this report and Recommendation, the entire case should be dismissed.

---

[2]*Compare Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (holding "[a]s all of the federal claims were dismissed before trial, the district court appropriately declined to exercise supplemental jurisdiction over Plaintiffs-Appellants' remaining state claim"); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir.1984) ("if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of state claims,"citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); *see also* 28 U.S.C. § 1367(c). In view of the late stage of these proceedings and possible prejudice to Plaintiff, the Court may well wish to retain jurisdiction.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 4, 2010.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy